## WILLIAM WILSON, JR., V. STATE.

No. 24352. May 11, 1949.
Motion for Certiorari Denied. Motion for Rehearing Overruled June 1, 1949.
Appealed to Supreme Court of the United States
Order of Supreme Court of the United States, Denying Petition for Writ of
Certiorari, Filed October 17, 1949.

*Dick Young* and *King C. Haynie* (on appeal only), Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed the death penalty for rape, from which he brings this appeal.

The prosecuting witness lived in a trailer-house, with her husband, parked on the premises of an industry for which her husband was working. On the night of Saturday, May 29th, 1948, the husband left the trailer for a few minutes to go to a store nearby. While the wife was washing dishes in the kitchen end of the trailer, she heard a noise outside which attracted her attention. Near the door was a pile of brick and, by the use of a flashlight, she saw a hat moving just above these brick. She stepped out to investigate and, as she did so, a brick was thrown past her head and hit the trailer. She turned back and, as she was entering the trailer, another brick hit her on the hip. Still another brick was thrown at her after she entered the trailer and this hit her on the temple. A man whom she identified positively as appellant jumped in the trailer, shut off the lights, put his hands over her eyes and pushed her down on the bed and started to choke her. She struggled away from him but he threw her on the floor and stepped out of the trailer. She grabbed a shotgun and poked it out the door and ordered him away. He again jumped in and grabbed the shotgun, pushed her down on the sofa and hit her on the head with the gun. She escaped from his grasp and got out of the trailer again. She stumbled and fell and her assailant hit her and dragged her by her hair behind the stack of brick where he accomplished the act of rape. She testified that she was exhausted—"just about dead," but still she fought him as best she could. In the struggle he threatened several times to cut her throat. Further details of the horrible struggle need not be told. The evidence shows without dispute that he penetrated her, and was still assaulting her when her husband and two friends returned to the scene. He jumped up and ran off. The husband gave chase but lost him.

The prosecuting witness was carried to the hospital where she received treatment and stayed there several hours. The wife and her husband both testified in the case positively identifying appellant as her assailant. During the struggle the prosecuting

witness lost her wrist watch, which her husband had given her sometime prior thereto. Police were called to the scene at once and they, together with others, described the scene so that there is no question about the commission of the crime in the manner described by the victim and her husband.

This was about midnight Saturday. About 1:55 o'clock Monday morning appellant was arrested, at the place where he was living, and carried to the police station. He was kept there at the police station for more than twenty-four hours, during which time he was questioned by four or more persons, including a policeman who testified as to a confession which was signed by appellant and introduced in evidence. The admission of this confession was objected to and is the subject of the one bill of exception found in the record.

In addition to the testimony above referred to, by the woman and her husband, a search warrant was secured and the missing watch was found hidden in a dresser drawer in the room where appellant slept. It was recovered and identified by the husband and the wife, and also by the jeweler who sold it to him. The department of identification gave substantial evidence connecting him with the offense by scrapings from under his fingernails, and other identifying circumstances. None of the foregoing evidence is disputed by any witness, or called in question by any circumstance of the case. It will be seen that the admission of the confession in evidence added but little to the strength of the prosecution. Nevertheless, if the confession should be found to have been obtained in violation of law its admission would present reversible error. Strong as the evidence is, we would not be permitted to speculate that the same penalty would have been inflicted without the confession. The question of its admissibility, with the authorities cited by both the state and the appellant, have been carefully considered. We find no conflicting evidence on the subject whatsoever. The policeman Murray testified positively, on direct and on a grilling cross-examination at great length, and his evidence is to the effect that the confession was voluntarily given. The only indication to the contrary comes in questions asked by the attorney representing appellant. Questions thus asked are not evidence in a case and, in view of the negative answers given, are not entitled to any consideration by the jury or by this court. The trial court took the view that no issue was raisede on the subject and he submitted none to the jury in his charge. Apparently counsel conceded the correctness of the charge as none was asked and no exception taken because of his failure

to do so. The question then is presented to us as a matter of law.

It is appellant's argument that the question of law rests upon the contention that the arresting officers did not take appellant to a magistrate immediately upon his being arrested and file a complaint against him. The argument is made that he was illegally held and that a confession taken during such period of time is inadmissible. There is no evidence that he was mistreated during the time he was being questioned. All of the evidence is to the contrary. He was not abused. He was not punished. He was given food and drink whenever he wanted it. He was not denied the right to confer with friends or counsel. He was kept at the police station in the city of Houston. The evidence does show that sometime after daylight on the day of his arrest at 1:55 a. m. a complaint was filed. The confession was signed about 6:20 Tuesday morning, June 1st.

In view of all the evidence in the case no reasonable mind could doubt the guilt of appellant. All must agree that the accused is entitled to a legal trial before a duly constituted jury, with evidence legally admitted, regardless of his guilt or the heinousness of his crime.

On the 4th day of June appellant was indicted. There is no question raised about the legality of this indictment. He was tried in October thereafter and the verdict was returned on the 13th day of the month. The final order overruling the motion for new trial was entered on the 28th day of October, 1948. The appeal was perfected in due time and the case presented to this court by a thoroughly prepared brief and oral argument.

From the bill of exception we find that appellant makes the contention that the confession was illegally admitted in evidence, based on these facts: From line 24, page 54 of the transcript, we quote the answer of the policeman Murray to the question propounded him as to whether or not they ever "did carry him before a magistrate." Said answer is: "A preliminary hearing was held on the case before a magistrate." On the same page it is stated that complaint was filed on the 31st day of May, after daylight. It is also noted that, "He was booked at the desk sergeant," at a time prior to the making of the confession. The bill discloses that the question was asked Mr. Murray, "Are you sure this negro made this statement voluntarily of his own free will and accord without persuasion?" He answered: "Absolutely." The bill further affirmatively states that

the testimony of the witness Murray was the only evidence admitted upon the trial for the purpose of determining the admissibility of that portion of the written statement which the state offered in evidence.

The statement offered in evidence is in form provided by Texas statute. We find no exculpatory statements in it. He stated that he had been drinking some beer; that he came upon the trailer-house while walking around in that vicinity; he then details the story very much as it was related by the prosecuting witness and by her husband who came on the scene.

In the first place, we fail to find any basis for the contention that appellant was illegally restrained of his liberty at the time the confession was signed. The brief and argument are based entirely upon the proposition that he was illegally restrained at the time. The position is taken that, because he was so illegally restrained, the confession would not be admissible. It is our conclusion that he was not illegally restrained. There is no evidence, direct or circumstantial, that any force whatsoever was applied to produce the confession. So viewing the record, we do not deem it necessary to discuss the question of law involved by appellant's contention in his brief.

We find no error reflected by the record. The judgment of the trial court is affirmed.

ON MOTION FOR A CERTIORARI.

GRAVES, Judge.

Appellant presents a motion requesting the granting of a writ of certiorari to the court below by this court alleging that the transcript and statement of facts are incomplete in that he desires to supplement the record with certain testimony claimed to have been heard, and agreed upon as having been heard on the hearing in the lower court of the amended motion for a new trial and claimed to have been ordered to be sent up to this court as a part of such hearing. This motion is sworn to by appellant's attorney; and there is appended thereto certain statements purportedly made by a nurse, as well as others, as to an examination of the injured woman, and the chart evidently made by the attendants at the hospital where she was taken immediately after the alleged assault.

We find a verbatim original copy of the above testimony present in the record of this cause bearing the file mark of our

clerk showing same to have been filed on February 8, 1949, and therefore it would be useless to require a further copy thereof to be filed therein. The writ of certiorari is therefore refused.

There is but one bill of exception in the record, and that relates to the admission in evidence of appellant's alleged confession, which matter has been fully discussed in our original opinion. It seems that there was issued a search warrant for the purpose of searching appellant's home, and it is noted that such warrant also contained a warrant of arrest for appellant. It is evident that such warrant was in the possession of the searching officers at the time they found the watch alleged to be the property of the injured woman.

We see no error shown herein, and the motion for a rehearing will be overruled.